DUPRIS, C.J.
This matter came before the Court of Appeals for an Initial Hearing on March 21. 2011. Appellant was represented by Daryl Rodrigues, Office of Public Defender. Appellee was represented by Melissa Simonsen, Office of Prosecuting Attorney.
SUMMARY
The Appellant entered a guilty plea to Battery with a Domestic Violence enhancement on January 14, 2011. Both the Appellant and the Appellee joined in a recommendation that Appellant receive credit for five (5) days already served as part of the sentence. The Trial Court entered an Order on January 14, 2011 stating credit for time served is not permitted in domestic violence cases. The Court did not enter findings and legal conclusions for this Order. The ruling was timely appealed. After a review of the record and applicable law we find Appellant’s equal protection rights were violated by the Trial Court’s ruling. We found further, that as a guideline, the Trial Court should refer to Washington RCW § 9.94A.505(6) as guidance when addressing credit for time served issues. We reverse and remand.
ISSUE
Did the Trial Court err in denying credit for jail time already served based solely on the fact that the crime charged was a domestic violence case?
STANDARD OF REVIEW
The issue is a question of law, subject to a review de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995); Wiley, et al v. Colville Confederated Tribes, 2 CCAR 60, 2 CTCR 09, 22 ILR 6059 (1995); Palmer v. Millard, et al, 3 CCAR 27, 2 CTCR 14, 23 ILR 6094 (1996) (Because the Tribal Court dismissed the case below as a matter of law, we review the matter de novo.); Pauley v. CCT, 4 CCAR 38, 2 CTCR 39, 25 ILR 6024, (1997) (The Appellate Court engages in de novo review of assignments or errors which involve issues of law); In Re The Welfare of R.S.P.V., 4 CCAR 68, 3 CTCR 07, 26 ILR 6039 (1998).
DISCUSSION
The Trial Court specifically restricted credit for jail time served in cases where there is a domestic violence enhancement under CTC § 5-5-54. There are no specific findings for this ruling in the record. A review of the pleadings filed at the Trial Court and herein show that both parties requested the credit for jail time already *416 served. Both at the trial level and here, the parties assert that to deny the eredit would violate Appellant’s rights to equal protection as guaranteed by CTC § 1-5-2(h)[1] which states:
The Confederated Tribes of the Colville Reservation in exercising powers of self-government shall not: ... .'(h) Deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law....
We have interpreted equal protection under CTC § l-5-2(h) as meaning that people should be treated the same under similar circumstances. CCT v. LaCourse, 1 CCAR 2, 1 CTCR 5 (1982). It appears from the record that Appellant accrued five (5) days in jail for being unable to post a bond or bail on the charges against him herein. Although the Trial Court did not enter specific findings why the credit was not allowed, the judge did enter an order stating credit would not be given in cases in which domestic violence was involved in the case. No other reason was given, so we must assume this is the basis for the denial.
If Appellant had been able to post bail, he would not have accrued the five days in jail unrelated to his ultimate sentence. According to both parties, other defendants whose charges are not domestic-violence related are given credit for any time served when unable to post bail or bond. It is clear that defendants who cannot afford to post bail or bond and are charged with offenses with a domestic violence enhancement are being treated different from all other defendants. This disparate treatment violates tenets of equal protection.
Finally, as a guidance for the Trial Court, we adopt the reasoning in Washington law which allows the Trial Court to deny credit for time served if the time being served is not directly related to the offense for which the defendant is being sentenced. See RCW 9.94A.505(6). This would not be a violation of equal protection.
It is ORDERED:
The Judgment and Sentence entered on January 14, 2011, is REVERSED IN PART in that Appellant, Maurice D. Circle, shall be granted credit for the five (5) days already served, provided that the five (5) days served are directly related to the offense charged in this case. We REMAND for a hearing to determine whether the defendant was being held on charges not related to the instant offense for the five (5) days he is requesting credit for. If the five (5) days are directly related to the instant charge, the Trial Court shall enter an Amended Judgment and Sentence conforming with the decisions herein.

. Appellant also cites the Indian Civil Rights Act of 1968, 25 USC § 1302 et seq. as authority. We review under the tribal law which is complete, thereby making a review under the federal statute unnecessary. Tribal law should always be the primary law cited and relied on in cases in our Courts. Other laws are used as guidance only in the absence ol the tribal law.